

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00060-CV

**WILMER EASTER,**

                                          **Appellant**

 **v.**

**TDCJ, ET AL,**

                                          **Appellee**

---

**From the 278th District Court
Walker County, Texas
Trial Court No. 24,849**

---

## MEMORANDUM OPINION

---

Wilmer Easter, a state-prison inmate, sued two Texas Department of Criminal Justice (TDCJ) employees and the TDCJ. Easter filed the suit pro se and as an indigent, which triggered Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). After requesting and receiving an advisory from the Attorney General on Easter's compliance with Chapter 14, the trial court dismissed the case. Easter appeals, asserting in three issues that the trial court erred in dismissing the case. We will affirm.

Easter alleged that on June 12, 2009, TDCJ Officer Gerry Mireles searched his cell and confiscated a hot pot and a pair of stereo headphones on the ground that they had been altered. Easter claimed that the search and confiscation were pretextual and that Mireles confiscated the items because of an argument Easter had earlier that day with another TDCJ employee, whom Easter alleged was Mireles's girlfriend. Easter alleged that TDCJ Officer Cynthia Woods improperly held the confiscated property without a showing of how the property jeopardized the safety or security of the unit.

Easter sued Mireles and Woods individually, asserting a section 1983 claim for their intentional deprivation of his property and that their acts violated Easter's rights under the 5th and 8th Amendments and his substantive due-process rights under the 14th Amendment. Easter's claim against the TDCJ asserts that its property policy (Administrative Directive 03.72) is unconstitutionally vague because it does not adequately define "altered" property, which thus allows correctional officers to confiscate and withhold offenders' property too easily and unconstitutionally. He further claimed that the policy violates due process because it does not provide for a pre-deprivation hearing and because its post-deprivation remedy is inadequate.

In its Chapter 14 advisory to the trial court, the Attorney General first noted that Easter had failed to comply with section 14.005 to show exhaustion of administrative remedies.[1] The Attorney General then argued that Easter's claims had no arguable basis in law because TDCJ was not a proper party because state agencies may not be

---

[1] Several weeks after the filing of his petition, Easter filed a "motion to enlarge the record" that included his administrative grievances. This motion apparently was not served on the Attorney General, which accounts for the allegation that Easter had failed to exhaust his administrative remedies.

sued under section 1983; Easter failed to sue the proper officials who actually had authority over the property policy. And for that reason, TDCJ also asserted that Mireles and Woods were incorrectly sued, as they were not policymakers with authority to change the TDCJ policy. Finally, the Attorney General argued that Easter had not pleaded a valid section 1983 retaliation claim and that Woods was entitled to qualified immunity.

The trial court entered an order dismissing Easter's suit for failure to comply with Chapter 14. Easter's first issue asserts that the trial court abused its discretion to the extent it dismissed his suit for failing to exhaust administrative remedies.

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002)). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

Subsection 14.005(a) mandates that an inmate who files a claim subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Id.* at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). The section also mandates the filing of a copy of the written grievance decision. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2)). If an inmate does not strictly comply with subsection

14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Id.*

Easter's belated filing of his motion to enlarge the record included only copies of the Step 1 and Step 2 grievance forms. He failed to file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision.[2]

Because of Easter's failure to comply with section 14.005, the trial court did not abuse its discretion in dismissing Easter's suit. We overrule issue one.

Easter's second issue asserts that the trial court's dismissal for a single noncompliance with Chapter 14 violates the open courts provision of the Texas Constitution. His third issue asserts that the trial court denied Easter due process by giving a "much too technical reading" of his pro se pleading. Because neither of these complaints was asserted in the trial court, they have not been preserved for appellate review. TEX. R. APP. P. 33.1(a); *see Brewer*, 268 S.W.3d at 767 ("Constitutional violations must be raised in the trial court for them to be preserved for appellate review."). We overrule issues two and three.

Having overruled Easter's three issues, we affirm the trial court's order of dismissal.

REX D. DAVIS
Justice

---

[2] "A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). The Step 2 grievance shows a TDCJ response date of August 24, 2009. Easter mailed his petition for filing on September 29 (the petition was actually filed on October 5), and if Easter received the Step 2 grievance decision on or about August 24, his claim was untimely filed, which further warranted the trial court's dismissal.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 8, 2011
[CV06]